## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTIAYNA WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1046-CJB |
| | ) | |
| DIVISION OF STATE POLICE, | ) | |
| DEPARTMENT OF SAFETY & | ) | |
| HOMELAND SECURITY, STATE OF | ) | |
| DELAWARE, TROOPER MICHAEL | ) | |
| MACAULEY and TROOPER THOMAS | ) | |
| DYSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court in this civil matter is a motion to dismiss ("Motion")

filed by Defendants Division of State Police ("DSP"), Department of Safety & Homeland

Security, State of Delaware, Trooper Michael Macauley ("Macauley") and Trooper Thomas

Dyson ("Dyson"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.I. 3)

The Motion is opposed by Plaintiff Martiayna Watson ("Watson" or "Plaintiff").  For the reasons

set forth below, the Court ORDERS that this matter is REMANDED to the Delaware Superior

Court ("Superior Court"), that the Motion is DENIED as MOOT, and that this case is CLOSED.

## I.      BACKGROUND

This matter relates to a June 2021 traffic stop that occurred in Wilmington, Delaware.

(D.I. 1-1 at ¶¶ 6, 11-19)  Plaintiff alleges that during that stop, a group of officers including

Macauley and Dyson wrongfully detained her while she was in her vehicle (the officers were

apparently looking for suspects regarding a criminal matter); thereafter, Plaintiff alleges that the

officers damaged her vehicle, dragged her out of the car, threatened her verbally and pointed

their guns at her—all before realizing that they had the wrong person and that Plaintiff was actually not one of the suspects they were looking for. (*Id*. at ¶¶ 6-28)

On July 14, 2021, Plaintiff filed a Complaint regarding this traffic stop in a separate action in this Court, Civil Action No. 21-1023-LFR ("*Watson I*"). The only listed Defendant in *Watson I* was DSP. (Civil Action No. 21-1023-LFR, D.I. 1 (D. Del. July 14, 2021))[1] In *Watson I*, Plaintiff (who was represented by two of the same law firms that represent her in the instant matter) brought nine mostly state-law-based causes of action. (*Watson I*, D.I. 1) But the first two causes of action were clearly intended to be federal claims, as those two claims: (1) were prominently titled "Deprivation of Federally Protected Rights[-]Excessive Force" and "Deprivation of Federally Protected Rights[-]False Arrest/False Imprisonment[;]"; and (2) in the body of both of those counts, Plaintiff specifically invoked 42 U.S.C. § 1983 ("Section 1983"), and alleged therein that DSP and its officers had violated her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. (*Id*. at ¶¶ 28-37) On September 21, 2021, this Court granted summary judgment to DSP as to *Watson I*, on the ground that Plaintiff's claims were barred by sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution. (*Watson I*, D.I. 28-29)

Plaintiff next commenced the instant action on June 26, 2023, by filing the instant Complaint in the Delaware Superior Court (hereafter, "Superior Court"). (D.I. 1-1) The Complaint includes nine Counts: Abuse of Process (Count I), False Arrest (Count II), Battery (Count III), Excessive Force (Count IV), Reckless/Wanton Conduct (Count V), Gross

---

[1]      *Watson I* was assigned to Judge L. Felipe Restrepo of the United States Court of Appeals for the Third Circuit, sitting by designation. (*Watson I*, D.I. 5)

Negligence (Count VI), Respondeat Superior (Count VII), Intentional Infliction of Emotional

Distress (Count VIII) and Negligent Infliction of Emotional Distress (Count IX).  (*Id.*)

On September 25, 2023, Defendants removed this action to this Court.  (D.I. 1)  In their

Notice of Removal, Defendants said only the following as to why the action was properly

removed:

> The above-described civil action is one in which this Honorable
> Court has original jurisdiction pursuant to 28 U.S.C. § 1343
> inasmuch as Plaintiff Watson seeks redress for alleged violations
> of his civil and constitutional rights and is accordingly one which
> may be removed to this Honorable Court pursuant to 28 U.S.C. §
> 1441, 28 U.S.C. § 1446 and 42 U.S.C. § 1983.

(*Id.* at ¶ 4)  Plaintiff did not take any action at that time to try to have the matter remanded back

to Superior Court.  (*See* D.I. 9 at 10 n.2)

Thereafter, on October 2, 2023, Defendants filed the instant Motion.  With the Motion,

they seek dismissal of all of the counts against them on various grounds (i.e., because the claims

are allegedly time-barred, or based on an assertion of improper service, or due to state law

statutory immunity), as well as dismissal of certain individual counts due to Plaintiff's alleged

failure to plausibly allege a viable claim.  (D.I. 3 at 5-15)  The Motion was fully briefed as of

February 28, 2024.  (D.I. 12)

On April 3, 2024, the parties jointly consented to the Court's jurisdiction to conduct all

proceedings in this case, including trial, the entry of final judgment and all post-trial

proceedings.  (D.I. 14)  Certain discovery has been proceeding pending resolution of the Motion.

(D.I. 34)

## II.    DISCUSSION

In her answering brief regarding the Motion, Plaintiff noted that Defendants removed the case to this Court in September 2023 and acknowledged that at that time, she "should have moved to have the matter remanded" to the Superior Court, pursuant to 28 U.S.C. § 1447 ("Section 1447"), but had failed to do so. (D.I. 9 at 9-10 & nn.1-2) Section 1447, *inter alia*, allows a party to move to remand a case "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). But Section 1447 also makes it plain that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. And in her answering brief, Plaintiff was now arguing for just that outcome—i.e., she was asserting that this "Court lacks subject matter jurisdiction[ and] should *sua sponte* remand the matter to the State Court." (D.I. 9 at 10 n.2; *see also id*. at 13)

In support of this argument, Plaintiff noted that although Defendants' Notice of Removal had invoked 28 U.S.C. § 1343 ("Section 1343") as the basis for removing the case to this Court, (D.I. 1 at ¶ 4), Section 1343 states that federal courts have original jurisdiction over, *inter alia*, civil actions that are commenced to "redress the deprivation . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]" (D.I. 9 at 9-10 n.1 (quoting 28 U.S.C. § 1343)) But here, Plaintiff asserts that "[S]ection 1343 does not confer jurisdiction to the Court to entertain this matter." (*Id*.) That is because, according to Plaintiff, her Complaint "does not seek redress for violations of civil rights, rather for state law tort claims" and "[t]here is no subject matter jurisdiction in this Court as the matter neither involves diversity of citizenship nor does it involve a federal question." (*Id*. at 10 n.2)

4

The Court agrees with Plaintiff that it does not have subject matter jurisdiction here, and that this case must therefore be remanded to the Superior Court. It does so for the following reasons.

As an initial matter, the Court notes that it has a continuing obligation to ensure that it has subject matter jurisdiction over a cause of action; as a result, the Court can raise this subject matter jurisdiction/remand issue *sua sponte* (as the Court is doing here, albeit spurred on by Plaintiff's arguments in her answering brief). *See Scott v. N.Y. Admin. for Child.'s Servs.*, 678 F. App'x 56, 57 (3d Cir. 2017); *Shahin v. Boney,* Civil Action No. 17-413-LPS, 2018 WL 1313975, at \*2 (D. Del. Mar. 13, 2018). Defendants bear the burden of demonstrating the existence and continuance of federal jurisdiction. *See, e.g., Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Dunlap v. Santander Consumer USA LLC*, Civ. No. 19-2153-CFC, 2021 WL 4804436, at \*2 (D. Del. Oct. 14, 2021).

Moving to the merits of the subject matter jurisdiction question, in the Court's view, the following are the relevant facts:

- The instant Complaint includes nine counts. None of the captions of those counts invoke any federal statutory claim nor any federal constitutional claim. This is in contrast to *Watson I*, for example, where both of the first two causes of action used the phrase "Deprivation of Federally Protected Rights" in their captions.

- In the body of all nine counts (unlike in *Watson I*) there is no mention of Section 1983 nor of any other federal statute.

- To the extent that the nine counts describe actual viable causes of action, all of those causes of action may be brought pursuant to Delaware state law.

- There is only one reference in the entirety of the Complaint to something that might possibly be considered a hook for federal jurisdiction. That comes in Count II's False Arrest claim,

> wherein the second-to-last paragraph states (excerpted
> verbatim from the Complaint): "Defendant officers violated
> Plaintiff's rights *under the United Constitution* and Delaware
> [C]onstitution."[2]  (D.I. 1-1 at ¶ 41 (emphasis added))  In their
> reply brief, when attempting to articulate why this Court does
> have subject matter jurisdiction over the Complaint, this is the
> only aspect of the Complaint that Defendants point to—i.e, the
> fact that Count II makes brief reference (albeit with a pretty
> significant typographical error included) to the "United [States]
> Constitution."  (D.I. 12 at 2 (Defendants asserting that Count II
> "explicitly states that Watson's rights under the United States
> Constitution were violated"))[3]

- Plaintiff's counsel explain in the answering brief that this
  "passing reference" to the "United Constitution" in Count II
  was essentially a mistake, and was not intended to make
  reference to or implicate a federal constitutional claim.  (D.I. 9
  at 10 n.2)  And they note in further support that the Count
  "fails to articulate which 'Article' and/or 'Amendment'" of the
  United States Constitution is being invoked (as compared to
  *Watson I*, for example, where the Complaint made explicit
  reference to the Fourth and Fourteenth Amendments in its first
  two causes of action).  (D.I. 9 at 10 n.2)

In the Court's view, Defendants have not met their burden to demonstrate the existence

of federal subject matter jurisdiction here.  The Complaint's failure to clearly reference the

existence of any federal statutory or constitutional claim—in a nine-Count Complaint originally

filed in the Superior Court, which facially seems to present state law-type claims—supports this

conclusion.  And Count II's brief reference to the United States Constitution—and even there,

one that is less than clear, since it includes a typographical error—is not enough to alter the

---

[2]    The Delaware Constitution is referenced once more in the Complaint in Count
IV's Excessive Force claim, wherein the Complaint states that this claim is brought pursuant
solely to "Article I, § 6 of the Delaware Constitution."  (D.I. 1-1 at ¶ 47)

[3]    There is no assertion by Defendants that the Court has subject matter jurisdiction
here pursuant to diversity jurisdiction (likely because all of the principals are Delaware based).

calculus.  That is particularly so here, where Plaintiff's counsel notes that it only inserted this (mangled) phrase in error.

Indeed, federal courts confronted with similar factual scenarios have come to like conclusions, and have remanded such cases back to state courts.

For example, in *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485 (S.D.N.Y. 2009), the United States District Court for the Southern District of New York ordered that a motion to remand to state court be granted—where the defendant had based its notice of removal solely on one reference to a federal statute (the Emergency Economic Stabilization Act, or "ESSA") found in the "Prayer for Relief" section of the operative complaint.  613 F. Supp. 2d at 493.  The *Citigroup* Court's decision was based on the fact that:  (1) the complaint's one stray reference to the ESSA was "clearly a typographical error on the[] part" of the plaintiff's counsel (as plaintiff's counsel had argued); (2) even if the complaint might contain facts that *could* support a claim under the ESSA, this was irrelevant under the well-pleaded complaint rule, in that the complaint *only facially asserted* two state-law-based causes of action; and (3) there was no other indication that the plaintiff actually intended to plead a federal claim.  *Id*. at 492-93.  In the end, the *Citigroup* Court concluded that it could "not base subject matter jurisdiction on a typographical error."  *Id*. at 493.

Similarly, in *Litwak v. Tomko*, NO. 3:18-CV-01377, 2018 WL 4256831 (M.D. Pa. Sept. 6, 2018), the United States District Court for the Middle District of Pennsylvania concluded that the case, which had previously been removed to federal court, should be remanded back to state court for lack of subject matter jurisdiction.  2018 WL 4256831, at *4.  In *Litwak*, the operative complaint's body asserted two state law claims for abuse of process and replevin.  *Id*. at *2.  But the complaint also cited Section 1983 and "reference[d] the violation of [plaintiff's]

constitutionally-protected Fourteenth Amendment rights." *Id*. The *Litwak* Court explained that it granted the motion to remand because the causes of action in the complaint were state law claims, and because it concluded that the complaint's stray references to Section 1983 and the Fourteenth Amendment were "typographical errors" that did "not transform Plaintiff's state law causes of action to claims under federal law[,]" since "passing references to federal law . . . do not establish federal question jurisdiction for removal purposes." *Id*. at \*3-4 (citing cases).

In line with the rationale of those decisions and others, *see, e.g., Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 195-96 (D.D.C. 2015); *Salovitz v. Uber Techs., Inc.*, No A-14-CV-823-LY, 2014 WL 5318031, at \*2-4 (W.D. Tex. Oct. 16, 2014); *Jackson v. Prime Motors, Inc.*, Civil Action No. 11-2360, 2011 WL 1883806 (E.D. Pa. May 18, 2011), the Court concludes that it does not have subject matter jurisdiction over this action. This is a case where Plaintiff and her counsel—who had once been in federal court in a related case, but who pointedly filed the instant lawsuit in state court asserting state law-type claims—did not intend to and did not actually invoke federal jurisdiction in their operative complaint. The Court will not (as Defendants urge) conclude otherwise, based solely on the presence in that pleading of one inadvertently-included, typographically-incorrect sentence fragment.

## III.    CONCLUSION

For the reasons stated above, the Court ORDERS that this matter is REMANDED to the Delaware Superior Court ("Superior Court"), that the Motion is DENIED as MOOT, and that this case is CLOSED.

Dated:  January 3, 2025

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE